UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TRINI L. THOMAS,

        Plaintiff,

                                      **CASE NO:** 5:24cv-00191

vs.

DANIEL COLLIER, in his
Individual capacity
        Defendant

_____/

**PLAINTIFF'S COMPLAINT**

COMES NOW the Plaintiff, TRINI L. THOMAS, (herein after "Thomas", "Mr. Thomas", or "Plaintiff"), by and through the undersigned counsel, and sues the Defendant, Daniel Collier ("Collier" or "Defendant") and herein requests judgment of this Court declaring unconstitutional and unlawful certain actions of the Defendants, which resulted in Plaintiff being deprived of his constitutional rights guaranteed by the Fourth Amendment of the United States Constitution as well as other civil rights guaranteed to him under federal and state law, and seeks damages from Defendant as compensation for the deprivation of his constitutional rights and other rights guaranteed under federal and state law, for an award of attorney's fees and authorized by law, all reasonable costs of this actions, and for any other further relief that this Court deems just and proper.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331, 1332, 1343, and 1367, and venue is properly set in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. §1391.

2. The causes of action alleged herein arise from factual allegations occurring in this judicial district.

3. This Court has jurisdiction and venue where the cause of actions arises in the Middle District of Florida.

4. At all times each of the named Defendant was part of a government entity conducting business in this judicial district, and said Defendant was employed at a municipal Police Department located within the Middle District of Florida.

5. At all times material hereto, Defendant was an employee of the Ocala Police Department, located in Ocala, Marion County, Florida.

6. This is an action for damages which exceed the amount of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

7. Mr. Thomas resides at Grays Airport Rd., Fruitland Park, FL, 34731, Florida, also in the Middle District of Florida. At all material times giving rise to this complaint, Mr. Thomas resided at this location.

8. At all times material hereto, Defendant was employed and acting as an agent of the Ocala Police Department, a governmental entity established and operating under the laws of the State of Florida.

## THE PARTIES

9. The Plaintiff, Mr. TRINI L. THOMAS, at all relevant to this complaint, and prior to the facts giving rise to this complaint was a licensed Bail Bondsman in the State of Florida. He has been a Bondman since 1996.

10. Prior to that, Mr. Thomas was a law enforcement officer Leesburg Police Department for three years and is also a licensed Missionary Baptist Church minister.

11. As a result of the arrest and criminal charges in *State of Florida v. Trini Thomas*, Case No. 20-CF-1642, Mr. Thomas' bail bond license was suspended and was not reinstated until March 2024.

12. Defendant Daniel Collier (hereinafter "COLLIER", "Detective Collier", or "DEFENDANT") at all relevant times, was a law enforcement officer employed

with the Ocala Police Department. DEFENDANT has been employed with the agency since May 28, 2015.

## GENERAL ALLEGATIONS RELATING TO
## CIVIL RIGHTS VIOLATIONS

13. Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1-12 of this Complaint.

14. In committing the acts complained of herein, Defendant acted under color of state law to deprive Mr. THOMAS of certain constitutional protections under the Fourth Amendment to the Constitution of the United States including, but not limited to: a) the right to be free from unreasonable searches and seizures; b) the right not to be deprived of liberty without due process of law; c) and e) the right to not be maliciously prosecuted for exercising one's human right and Florida Statutory Right to use force to preserve one's life and liberty.

15. In violating THOMAS' rights as set forth above, Defendant acted under color of state law and conducted OR caused an unauthorized illegal seizure of Plaintiff absent probable cause he committed a crime. By filing an "arrest affidavit" that omitted several relevant facts, the illegal seizure set into motion the chain of events that led to Mr. Thomas being prosecuted for actions that are not criminal,

which is a violation of Plaintiff's rights under the Fourth Amendment to the Constitution of the United States.

16. As a direct and proximate result of the violation of his constitutional rights by the Defendant, Plaintiff suffered general and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C §1983 as well as 42 U.S.C. § 1988.

17. The conduct of DEFENDANT COLLIER was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

## FACTS

19. On April 17, 2020 at approximately 5:38pm, Detective Daniel Collier was working in the capacity of a Detective in the Ocala Police Department.

20. Officers from the Ocala Police Department responded to Kermit's Precision Auto Care at 1723 NE 23 Terrace, Ocala, Florida for a reported shooting.

21. After being contacted by the on-call Detective, Detective Collier responded to the Ocala Police Department to assist in the investigation and reviewed video evidence which was obtained at the scene.

22. The video showed that Mr. Thomas identified himself and had bail bondsman insignia around his neck, when Ms. Gooden would not unlock the door, Mr. Thomas attempted to break the window to affect his statutory duties.

23. The video showed Ms. Gooden hit Mr. Thomas with her vehicle as well as hitting Mr. Jordan. The video then showed the window of the vehicle break and Mr. Thomas reached inside of the vehicle to apprehend Ms. Gooden.

24. The video showed Ms. Gooden's vehicle going back and forth, hitting both the person of Mr. Thomas, the person of Mr. Jordan, and the vehicle of Mr. Thomas.

25. The video showed Ms. Gooden hit Mr. Thomas with the vehicle and Mr. Thomas crumble away from the vehicle. The video showed Ms. Gooden then moving forward and fleeing and Mr. Thomas fired shots only as the vehicle attempted to flee.

26. Several days after the incident, Detective Collier went to the hospital and interviewed Natalia Gooden, who had been shot by Mr. THOMAS in "self-defense" during the incident at Kermit's Precision Auto.

27. Detective Collier also interviewed the Trini Thomas, Amaraje Cook and Tommie Jordan. Mr. Jordan was with the Plaintiff on the day of the shooting, and Ms. Cook was in the vehicle with the alleged victim during the incident.

28. Detective Collier was aware that Mr. Thomas and Mr. Jordan were bail bondsmen and that Ms. Gooden had felony warrants and she had skipped bail, and the incident was a result of Mr. Thomas and Mr. Jordan attempting to arrest Ms. Gooden.

29. At no time did Detective Collier or any other person from the Ocala Police Department go to the scene to perform any reconstruction to investigate and/or eliminate a self-defense claim.

30. Detective Collier was informed that Mr. Thomas was a bail bond agent, that Ms. Gooden had an active warrant at the time of the shooting incident.

31. COLLIER also knew that in September 2019, Mr. Thomas had attempted to take Ms. Gooden into custody and while he was partially in her vehicle attempting to take her into custody, Ms. Gooden had drug Mr. Thomas down the road and Mr. Thomas was seriously injured during that incident.

32. Additionally, there was a second attempted apprehension prior to the shooting incident. See exhibit A.

33. Detective Collier was also aware that Ms. Gooden had also sat with Mr. Thomas on more than one occasion to sign the bail bond contract and was aware of what Mr. Thomas looked like and who he was at the time of the incident.

34. Detective Collier made the conclusion that Ms. Gooden was trying to avoid arrest when the shooting occurred.

35. Detective Collier was aware that Ms. Gooden's vehicle struck with Mr. Thomas' person as well as Tommy Jordan before the shooting occurred, as she was trying to escape arrest.

36. Detective Collier was aware that although Ms. Gooden was located at a nearby hotel and had sustained a gunshot wound but had not sought medical treatment prior to being discovered by law enforcement at the hotel because she knew she had a warrant and had committed the offense of aggravated battery.

37. Detective Collier was aware of what is generally called "Florida Stand Your Ground Law" and was aware that the facts demonstrated that Mr. Thomas' use of force was legally justified.

38. Detective Collier, however, determined that there was probable cause to arrest Mr. Thomas, and violated THOMAS' right to be free from an unlawful seizure and a malicious prosecution.

39. Mr. Thomas was arrested and charged with aggravated battery with a firearm and shooting at or into an occupied vehicle, both felony charges.

40. After hearing testimony and seeing evidence (the same evidence Detective Collier had seen prior to his determination to arrest Mr. Thomas), Circuit Judge Robert W. Hodges granted a Motion to Dismiss both felony counts, and held that the force used by Mr. Thomas to capture Ms. Gooden was not unreasonable, he was in a place he had a right to be, he had no duty to retreat, and the claim of immunity was not overcome by the State and there was no proof by clear and convincing evidence that Mr. Thomas was not placed in fear by Ms. Gooden before he shot at her in self-defense. See Exhibit B.

41. All charges against Mr. Thomas were dismissed.

42. In committing the acts complained of herein, DEFENDANT acted under color of state law.

43. As a direct and proximate result of the violation of his constitutional rights by the Defendant, Plaintiff suffered general and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C §1983.

44. Mr. Thomas was subject to public humiliation and ridicule as a result of the arrest and prosecution in the case. The Ocala Star Banner posted articles at least two 2 times during the pendency of the case.

45. There were several Facebook and other social media postings regarding the incident.

46. Currently, a google search of Mr. Trini Thomas' name still procures articles and links related to the incident.

47. Mr. Thomas spent approximately $50,000.00+ on his criminal defense and lost in undetermined amount of business due to the suspension of his bail bond license.

48. Due to the unlawful arrest and unlawful prosecution in the case, Mr. Thomas underwent counseling to help him cope with his ordeal.

## COUNT I
## 42 U.S.C. § 1983
## FALSE ARREST AND UNREASONABLE SEIZURE
## IN VIOLATION OF FOURTH AMENDMENT

49. Plaintiff realleges the allegations contained in paragraphs 1 through 48, as if fully set forth herein.

50. This is an action for violation of civil rights under 42 U.S.C. § 1983 against Defendant Collier, in his individual capacity.

51. Plaintiff has the right under the United States Constitution to be free from unreasonable seizures, which include arrests without probable cause and arrest without a warrant or warrant exception.

52. On April 17, 2020, Defendant Collier was acting in his individual capacity while employed by Ocala Police Department, when he deprived Plaintiff of his rights under the United States Constitution, in violation of 42 U.S.C. §1983, by failing to conduct a reasonable investigation and failing to reasonably apply "Florida's Stand Your Ground Law" to determine probable cause existed for Mr. THOMAS to be arrested.

53. In committing the acts complained of herein, Defendant Collier acted under color of state law by causing Plaintiff to be detained with no basis in fact or law to do so. This violated Plaintiffs' right to be free from unlawful seizure, the Defendant violated Plaintiff's rights under the Fourth Amendment to the Constitution of the United States.

54. Defendant Collier took the actions complained of in this complaint with knowledge that actions were in direct violation of the United States Constitution and the rights of the Plaintiff.

55. As a direct and proximate result of the violation of his constitutional right to be free from unlawful seizure, THOMAS suffered serious personal injuries and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. §1983. These damages include, but are not limited to physical inconvenience, pain and suffering, emotional damage, mental suffering and anguish, damage

11

suffered to reputation, and all other damages associated with Plaintiff's unlawful detention.

56. Plaintiff has retained the undersigned counsel to bring this action under 42 U.S.C. §1983 and is entitled to recover a reasonable fee for said counsel pursuant to 42 U.S.C. §1988.

WHEREFORE, Trini Thomas prays for damages against Defendant Collier and an award of Plaintiff's attorney's fees. In addition, Plaintiff requests punitive damages against Defendant Collier for his conduct, which would deter him from such tortious conduct in the future.

## COUNT II
## 42 U.S.C. § 1983
## MALICIOUS PROSECUTION

57. Plaintiff, TRINI THOMAS re-alleges paragraphs 1 through 48 as though fully set forth herein.

58. DEFENDANT COLLIER intended and foresaw that Plaintiff would be prosecuted for a criminal charge, causing Plaintiff to be arrested, incarcerated, prosecuted, and suffer damages as a result.

59. That the criminal proceeding based upon the arrest was terminated in THOMAS' favor, where the Court dismissed the criminal information on October 4, 2023, *see exhibit B*, finding that Mr. THOMAS was justified in his use of force.

12

60. That there was an absence of probable cause for the initiation of criminal charges against the PLAINTIFF.

61. THAT pursuant to Fla. Stat. Chapter 776, there was no legal basis to conclude that probable cause existed for Mr. THOMAS' arrest.

62. The conduct of the Defendant violated the Fourth Amendment to the United States Constitution in causing criminal charges to be filed against Mr. Thomas.

63. The above-described actions of the Defendant were the direct and proximate cause of the Constitutional violations set forth above.

64. As a direct and proximate result of the violation of his constitutional right to be free from malicious prosecution by Defendant, Plaintiff suffered serious personal injuries and damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. §1983.  These damages include but are not limited to the violation of Plaintiff's Federal Constitutional rights, a deprivation of liberty, physical inconvenience, pain and suffering, emotional damage, mental suffering and anguish, and all other damages associated with PLAINTIFF being prosecuted.

65. PLAINTIFF has retained the undersigned counsel to bring this action under 42 U.S.C. §1983 and is entitled to recover from Defendant a reasonable fee for said counsel pursuant to 42 U.S.C. §1988.

**WHEREFORE**, PLAINTIFF, TRINI THOMAS demands judgment for damages against DEFENDANT, COLLIER, in his individual capacity, which includes but not limited to exemplary and compensatory damages, cost of this action and such other and further relief as the Court deems appropriate. Further, PLAINTIFF seeks an award of punitive damages to punish DEFENDANT for his conduct, which would deter DEFENDANT and others from such conduct in the future.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully and humbly submitted on this 17th day of April, 2024.

**Haynes Law, P.A.**

__/s/ *Carlus Haynes*_____

**CARLUS HAYNES, ESQUIRE**
Florida Bar Number: 0935611
8615 Commodity Circle, Unit 6
Orlando, FL 32819
Telephone: (407) 246-0077
Facsimile: (407) 246-0078
champ@fighting4ulaw.com
Attorney for PLAINTIFF